Mathew K. Higbee, Esq., SBN 241380
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne # 200
N. Las Vegas, NV 89032
(714) 617-8350
(714) 597-6729 facsimile
mhigbee@higbee.law

Attorney for Plaintiff,
LISA CORSON

### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| LISA CORSON,<br><br>*Plaintiff*,<br><br>v.<br><br>TARA ANN ROSE,<br><br>*Defendant*. | Case No. 2:26-cv-2579<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff LISA CORSON, by and through her undersigned counsel, brings this Complaint against Defendant Tara Ann Rose and alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*.

### PARTIES

2. Plaintiff Lisa Corson ("Corson") is an individual and professional photographer.

3. Upon information and belief, Defendant Tara Ann Rose ("Rose") is an individual residing and transacting business in Los Angeles, County, California.

4. For the purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs,

1

successors, assigns, principals, trustees, sureties, subrogates, representatives, and insurers of the Defendant named in this caption.

## JURISDICTION AND VENUE

5. This Court has original subject matter jurisdiction over copyright claims pursuant to 28 U.S.C. §§ 1331 (federal question) and 1338(a) (copyrights).

6. This Court has personal jurisdiction over Defendant because Defendant has a physical presence in the state of California and/or Defendant transacts business in the State of California, including this judicial district.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)-(c) and/or § 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred, and/or this civil action arises under the Copyright Act of the United States, and Defendant resides in or can be found in this judicial district.

## FACTUAL ALLEGATIONS

### *Plaintiff Lisa Corson*

8. Plaintiff Corson is a highly successful and acclaimed freelance photographer that previously worked as the photo editor for SPIN, New York Magazine, and the Wall Street Journal.

9. Plaintiff Corson creates and licenses her work for a fee to a variety of editorial and commercial clients.

10. Plaintiff Corson's client list includes AARP, Delta Airlines, Google, Grand Mariner, House and Garden, Sunset Magazine, The National Geographic Channel, The New York Times, and The Washington Post, and Visit California.

11. Plaintiff Corson's livelihood depends on receiving compensation for the photographs she produces, and her works are devalued when others copy and profit from those works without her permission.

12. The copyright protection afforded to Plaintiff Corson's work is intended to deter would-be infringers from copying and profiting from her work without permission.

13. Plaintiff Corson is the sole author and exclusive rights holder to a photograph taken of an area on Calabasas Road nestled with trees and a white picket fence and a sign for the Leonis Adobe museum perched behind the white picket fence ("Corson Photograph").

14. Attached hereto as Exhibit A is a true and correct copy of the Corson Photograph.

15. Corson registered the Corson Photograph with the United States Copyright Office under Registration Number VA 2-125-358 with the file name LisaCorson-SmallTowns-0173 and an Effective Date of Registration of November 2, 2018.

16. Attached hereto as Exhibit B is a true and correct copy of registration certificate VA 2-125-358.

17. The Corson Photograph appeared in an articled featured by the Los Angeles Magazine ("LA Magazine") on October 1, 2018, titled *How to Make a Day of a Trip to Calabasas* ("LA Magazine Article") and can be found at https://lamag.com/travel/small-towns-calabasas/.

18. The Corson Photograph, as it originally appeared in the LA Magazine Article, included a photo credit below the bottom right corner of the image crediting the Corson Photograph to Lisa Corson ("Corson Photo Credit")[1].

19. Attached hereto as Exhibit C is a true and correct copy of the screenshot of the LA Magazine Article.

### Defendant Tara Rose

20. Upon information and belief, Defendant Rose is a real estate consultant ("Realtor") working at Frontgate Real Estate ("Frontgate") located at 23500 Long Valley Rd, Hidden Hills, CA 91302.

---

[1] At some point in 2023, the Los Angeles Magazine revised their website, and the formatting on older posts changed in a manner that caused the Corson Photo Credit to disappear.

3

21. Upon information and belief, and at all relevant times, Defendant Rose maintained a LinkedIn page under the name Tara Rose Wales ("Rose LinkedIn Page").

22. Attached hereto as Exhibit D is a true and correct screenshot of the Rose LinkedIn Page's activity page showing the name of the LinkedIn account is Tara Rose Wales.

23. Upon information and belief, and at all relevant times, Defendant Rose generated content on the Rose LinkedIn Page to market and promote her services as a Realtor and to increase her customer base and revenue as a Realtor for Frontgate.

24. At all relevant times, Defendant Rose had the ability to supervise and control all content on the Rose LinkedIn Page.

25. At all relevant times, Defendant Rose had a direct financial interest in the content and activities of the Rose LinkedIn Page (including the activities alleged in this Complaint).

26. Upon information and belief, and at all relevant times, the Rose LinkedIn Page was readily accessible to the general public throughout California, the United States, and the world.

***Defendant Rose's Willful Unauthorized Use of the Corson Photograph***

27. On or about April 10, 2023, Plaintiff Corson discovered her Corson Photograph being used on the Rose LinkedIn Page ("Infringing Post") coupled with text content that read: "What sets it apart is thousands of open-space acres" and a link to the LA Magazine Article, http://ow.ly/racm30mi8g1 ("LA Magazine Article Link").

28. Attached hereto as Exhibit E is a true and correct screenshot of the Corson Photograph as used in the Infringing Post on the Rose LinkedIn Page. A thumbnail-sized image of the Corson Photograph can also be seen in Exhibit D.

29. Plaintiff Corson did not grant Defendant Rose a license, permission, or authorization to use, make a copy of, or publicly display the Corson Photograph on the Rose LinkedIn Page.

4

30. Defendant Rose (including her agents, contractors or others over whom she has responsibility and control) created an unauthorized copy of the Corson Photograph and caused the Corson Photograph to be uploaded to and displayed on the Rose LinkedIn Page.

31. Defendant Rose (including her agents, contractors or others over whom she has responsibility and control) used, displayed, published, and otherwise held out to the public Corson's original and unique Corson Photograph for commercial purposes and to acquire a direct financial benefit from use of the Rose Photographs, including the financial benefit of the cost saved by using the Rose Photographs without paying a licensing fee.

32. Specifically, Defendant Rose coupled high-quality visual content, via a professionally produced photograph, with textual content in order to create an aesthetic, visually inviting presentation of her marketing goal for her Realtor services including to entice users to browse through the Rose LinkedIn Page and ultimately seek services from, and book an appointment with, Defendant Rose for a real estate consultation.

33. In addition, Defendant Rose intended for the Corson Photograph to act as a draw to the Infringing Post where the LinkedIn user would ultimately seek services from and generate revenue for Defendant Rose.

34. After discovering the unauthorized use of the Corson Photograph, Plaintiff Corson, through Higbee & Associates ("H&A"), sent cease and desist correspondence to Defendant Rose including a demand for lost licensing fees for the unauthorized use of the Corson Photograph.

35. On or about March 26, 2024, Defendant Rose, through her counsel, emailed H&A and advised that she removed the Corson Photograph from the Rose LinkedIn Page and further advised that the Corson Photograph had been auto generated by the LinkedIn platform based on an external link to the LA Magazine, who posted the Corson Photograph, and therefore was protected by the server test as an embedded photograph.

36. On or about March 28 and March 29, 2024, H&A emailed Defendant Rose's counsel and advised that the Corson Photograph was not embedded on the Infringing Post because if it had been, it would have included a banner below the photograph showing the title of the LA Magazine Article, "*How to Make a Day of a Trip to Calabasas*" and "lamag.com" below the title of the LA Magazine Article ("LA Magazine Banner").

37. H&A also provided Defendant Rose's counsel with a screenshot of a post on Plaintiff Corson's LinkedIn page showing how the Corson Photograph would appear in a LinkedIn post had the Corson Photograph been embedded through LA Magazine Article Link and a screenshot of how the Corson Photograph actually appeared in the Infringing Post, for comparison.

38. Attached hereto as Exhibit F is a true and correct screenshot of the results of uploading the LA Magazine Article Link to Plaintiff Corson's LinkedIn page showing (1) the LA Magazine Article Link above the Corson Photograph; (2) the embedded Corson Photograph; and (3) the LA Magazine Banner below the Corson Photograph.

39. H&A further advised Defendant Rose's counsel that Defendant Rose had copied the Corson Photograph from the LA Magazine Article and manually uploaded it to the Rose LinkedIn Page because the Corson Photograph did not appear with the LA Magazine Article Link above the Corson Photograph or the LA Magazine Banner below the Corson Photograph.

40. H&A did not receive any more correspondence or communications from Defendant Rose's counsel.

41. Upon information and belief, Defendant Rose willfully infringed upon Plaintiff Rose' rights in her copyrighted Rose Photograph in violation of Title 17 of the U.S. Code because, *inter alia,* Defendant Rose knew she did not create or own the Corson Photograph; knew Plaintiff Corson was the rightful owner of the Corson Photograph; and knew, or should have known, she did not have a legitimate license, permission, or authorization to use the Corson Photograph.

42. In addition, upon information and belief, Defendant Rose's conduct was willful because she knew she had not caused the Corson Photograph to be uploaded to the Rose LinkedIn Page through any embedding process; knew she made an unauthorized copy of the Corson Photograph and caused the Corson Photograph to be manually uploaded it to the Rose LinkedIn Page, and removed the Corson Photograph but refused to address lost licensing fees for the unauthorized use of the Corson Photograph.

**FIRST CAUSE OF ACTION**
**COPYRIGHT INFRINGEMENT**
**17 U.S.C. § 101** *et seq*

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. Plaintiff owns a valid copyright in the Corson Photograph.

45. Plaintiff registered the Corson Photograph with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

46. Defendant (including her agents, contractors or others over whom she has responsibility and control) created an unauthorized copy of and displayed a modified version of Trope's unique and original Trope Photographs without Plaintiff Trope's consent or authorization in violation of 17 U.S.C. § 501.

47. Defendant willfully infringed upon Plaintiff's rights in her copyrighted Trope Photographs in violation of Title 17 of the U.S. Code.

48. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff has sustained significant injury and irreparable harm.

49. As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages and profits attributable to the infringement pursuant to 17 U.S.C. §504(b) or, at Plaintiff election, statutory damages in an amount up to $150,000 pursuant to 17 U.S.C. § 504(c).

50. As a result of the Defendant's violations of Title 17 of the U.S. Code, the Court in its discretion may allow the recovery of full costs from Defendant as well as reasonable attorney's fees pursuant to 17 U.S.C § 505.

## DEMAND FOR JURY TRIAL

51. Plaintiff hereby demands a trial by jury in the above matter

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For a finding that Defendant infringed Plaintiff's copyright interest in the Corson Photograph by copying and publicly displaying it without a license or consent;

- For a finding that Defendant's conduct was willful;

- For an award of actual damages and disgorgement of all of profits attributable to the copyright infringement, as provided by 17 U.S.C. § 504(b), in an amount to be proven or, in the alternative, and at Plaintiff's election, an award for statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(c);

- For costs of litigation and reasonable attorney's fees pursuant to 17 U.S.C. § 505;

- For pre-judgment and post-judgment interest as permitted by law; and

For any other relief the Court deems just and proper.

Dated: March 11, 2026                              Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
CA Bar No. 241380
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne, Suite 200
North Las Vegas, NV 89032
(714) 617-8350
(714) 597-6729 facsimile
mhigbee@higbee.law
*Attorney for Plaintiff*