Mathew K. Higbee, Esq.
California Bar No. 241380
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne # 200
N. Las Vegas, NV 89032
(714) 617-8350
(714) 597-6559 facsimile
Email: mhigbee@higbee.law

*Attorney for Plaintiff*,
LISA CORSON

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| LISA CORSON,<br><br>Plaintiff,<br><br>v.<br><br>TARA ANN ROSE and TEA ROSE REALTOR, INC.,<br><br>Defendants. | Case No. 2:26-cv-02579-MWF-AJR<br><br>**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGEMENT**<br><br>**<u>Filed and Served Concurrently:</u>**<br><br>1. Declaration of Mathew K. Higbee<br><br>2. [Proposed] Order for Judgment<br><br>Judge: Hon. Michael W. Fitzgerald<br>Courtroom: 5A<br>Hearing Date: October 7, 2026, 10:00 a.m. |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on October 7, 2026, at 10:00 a.m., or as soon thereafter as the matter may be heard in the courtroom of the Hon. Michael W. Fitzgerald of the above-titled court, located at Courtroom 5A, of the Felicitas and Gonzalo Mendez Unites States Courthouse, 350 West First Street, Los Angeles, CA 90012, Plaintiff Lisa Corson ("Plaintiff") will move for an Order for Entry of Default Judgment against Defendants Tara Ann Rose ("Rose") and Tea Rose Realtor, Inc. ("Tea Rose Realtor") (collectively, the "Defendants"), pursuant to Federal Rules of Civil

Procedure 55(b)(2). Defendants have been properly served with the First Amended Complaint ("FAC") and are aware of this action but have not appeared.

In the alternative, Plaintiff would request that the Court consider this matter appropriate for disposition without a hearing pursuant to Fed. R. Civ. P. 78(b) and Local Rule 7-15.

Plaintiff requests the following relief:

1. An award to Plaintiff in the sum of $16,775.00, constituting (a) statutory damages provided by the Copyright Act, 17 U.S.C. § 504, for the infringement alleged in the FAC, totaling $16,000.00; (b) costs of this suit totaling $775.00, pursuant to 17 U.S.C. § 505; and (c) post-judgment interest, pursuant to 28 U.S.C. § 1961.

2. L.R. 55-3 provides for recovery of attorney's fees that are calculated according to a fixed schedule. Here, if the Court were to grant Plaintiff's request for an award in the amount of $16,775.00, the amount of attorney's fees awarded would be $1,606.50. However, the amount of attorney's fees incurred thus far exceeds this amount. Upon entry of the default judgment and pursuant to L.R. 55-3, Plaintiff's counsel respectfully requests the opportunity to file a written request to have the attorney's fee fixed by the Court.

This Motion for Default Judgment ("Motion") is brought on the grounds that entry of default judgment is appropriate in this case because: (1) Plaintiff has satisfied the procedural requirements of Federal Rule of Civil Procedure 55(b)(2); (2) Plaintiff would suffer prejudice if default judgment is not entered because she would be denied the right to judicial resolution of her claims; (3) the FAC sets forth prima facie claims showing that Defendants are liable for copyright infringement; (4) Plaintiff seeks a total of $16,000.00 in statutory damages under the Copyright Act, which constitutes a reasonable award in light of Defendants' willful and brazen infringement; (5) there is no possibility of dispute regarding the material facts of the case; and (6) Defendants' default did not result from excusable neglect, because inter alia, Defendants had adequate and ample notice of this lawsuit and their obligation to defend themselves.

Notice of this Motion was served on Defendants Tara Ann Rose and Tea Rose Realtor, Inc. via their attorney, Mark A. Goldstein ("Goldstein") as follows: by (1) mailing a copy of the Notice to Mr. Goldstein at his business address, SoCal IP Law

Group LLP, 310 N. Westlake Blvd., Suite 120, Westlake Village, CA 91362; and (2) emailing a copy of the Notice to Mr. Goldstein at mgoldstein@socalip.com. Declaration of Mathew K. Higbee ("Higbee Decl.") ¶ 26.

Defendants are not minors, incompetent, or in military service or otherwise exempted under the Servicemembers Civil Relief Act of 1940. Higbee Decl. ¶ 36.

This Motion is based on this Notice of Motion and Motion for Default Judgment, the attached memorandum of points and authorities, the Declaration of Mathew K. Higbee in support, and the pleadings, files, and other materials that are on file with the Court or may be presented at the hearing.

Dated: August 25, 2026

Respectfully submitted,

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.
Cal. Bar No. 241380
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne, Suite 200
North Las Vegas, NV 89032
(714) 617-8350
(714) 597-6729 facsimile
mhigbee@higbee.law
*Counsel for Plaintiff*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. STATEMENT OF FACTS

This is a copyright infringement lawsuit, pursuant to 17 U.S.C.§ 101 et. seq, arising from Defendants' unauthorized use of a photograph owned by Plaintiff.

#### A. Plaintiff and Copyright Ownership in Corson Photograph

Plaintiff is a highly successful and acclaimed freelance photographer who creates and licenses her work for a fee to a variety of editorial and commercial clients including AARP, Delta Airlines, Google, Grand Mariner, House and Garden, Sunset Magazine, The National Geographic Channel, The New York Times, The Washington Post, and Visit California. (Dkt. 10 [First Amended Complaint, hereinafter "FAC"] ¶¶ 9-11.) Plaintiff's livelihood depends on receiving compensation for the photographs she produces, and her works are devalued when others copy and profit from those works without her permission. (*Id.* at ¶ 12.)

Plaintiff is the sole author and exclusive rights holder to a photograph taken of an area on Calabasas Road nestled with trees and a white picket fence and a sign for the Leonis Adobe museum perched behind the white picket fence ("Corson Photograph"). (*Id.* Ex. A.) Plaintiff registered the Corson Photograph with the United States Copyright Office ("USCO") under Registration No. VA 2-125-358 ("Certificate of Registration") with the file name LisaCorson-SmallTowns-0173 and an Effective Date of Registration of November 2, 2018. (*Id.* Ex. B.) The Corson Photograph appeared in an articled featured by the Los Angeles Magazine ("LA Magazine") on October 1, 2018, titled *How to Make a Day of a Trip to Calabasas* ("LA Magazine Article") which can be found at https://lamag.com/travel/small-towns-calabasas/. (*Id.* Ex. C.)

#### B. Defendants and Their Unauthorized Use Of Corson Photograph

Defendant Rose is an individual and real estate consultant ("Realtor") residing and transacting business in Los Angeles, County, California. (*Id.* at ¶¶ 4, 21.) Defendant Tea Rose Realtor is a real estate company that is organized and existing as

a corporation under the laws of the state of California with its registered office address located at 29155 Quail Run Drive, Agoura Hills, California 91301. (*Id.* at ¶¶ 3 and 22); *see also* Higbee Decl. ¶ 5 and Exhibit 1 attached thereto. Defendant Rose is the principal owner of Defendant Tea Rose Realtor. (FAC at ¶¶ 4, 23); *see also* Higbee Decl. ¶ 7 and Exhibit 1 attached thereto. Defendant Rose worked as a Realtor for Frontgate Real Estate ("Frontgate") located at 23500 Long Valley Rd, Hidden Hills, CA 91302. (FAC ¶ 24); Higbee Decl. ¶ 8.

Defendant Rose maintained a LinkedIn page under the name Tara Rose Wales ("Rose LinkedIn Page") and generated content on the Rose LinkedIn Page to market and promote her services as a Realtor and to increase her customer base and revenue as a Realtor for Frontgate and for Tea Rose Realtor. (FAC ¶¶ 25-27.) At all relevant times, Defendants had the ability to supervise and control all content on the Rose LinkedIn Page and had a direct financial interest in the content and activities of the Rose LinkedIn Page (including the activities alleged in this FAC). (*Id.* at ¶¶ 28-29.) At all relevant times, the Rose LinkedIn Page was readily accessible to the general public throughout California, the United States, and the world. (*Id.* at ¶ 30.)

Defendants were at all relevant times acting as agents and alter egos for each other, with respect to the activities alleged in the FAC, and are each jointly, severally, and personally liable for the debts and liabilities of each other, with respect to the activities alleged in the FAC. (*Id.* at ¶ 31.)

On or about April 10, 2023, Plaintiff discovered the Corson Photograph being used by Defendants on the Rose LinkedIn Page coupled with text content that read, "What sets it apart is thousands of open-space acres" ("Infringing Post") and a link to the LA Magazine Article, http://ow.ly/racm30mi8g1 ("LA Magazine Article Link"). (*Id.* at ¶¶ 32-34, Ex. E.) Plaintiff did not grant either Defendant a license, permission, or authorization to use, make a copy of, or publicly display the Corson Photograph on the Rose LinkedIn Page. (*Id.* at ¶ 35.)

After discovering the unauthorized use of the Corson Photograph, Plaintiff, through Higbee & Associates ("H&A"), sent cease and desist correspondence to Defendant Rose including a demand for lost licensing fees for the unauthorized use of the Corson Photograph. (*Id.* at ¶ 40); Higbee Decl. ¶ 12. On or about March 26, 2024, Defendant Rose, through her first counsel, Danielle Pauljohn, emailed H&A and advised that the Corson Photograph had been auto generated by the LinkedIn platform based on an external link to the LA Magazine, who posted the Corson Photograph, and therefore was protected by the server test as an embedded photograph. (FAC at ¶ 41); Higbee Decl. ¶ 13 and Exhibit 2 attached thereto.

On or about March 28, 2024, H&A emailed Ms. Pauljohn and advised that the Corson Photograph was not embedded on the Infringing Post because if it had been, it would have included a banner below the photograph showing the title of the LA Magazine Article, "*How to Make a Day of a Trip to Calabasas*" and "lamag.com" below the title of the LA Magazine Article ("LA Magazine Banner"). (FAC at 42); Higbee Decl. ¶ 15 and Exhibit 3 attached thereto. H&A further advised Ms. Pauljohn that Defendant Rose had copied the Corson Photograph from the LA Magazine Article and manually uploaded it to the Rose LinkedIn Page because the Corson Photograph did not appear with the LA Magazine Article Link above the Corson Photograph or the LA Magazine Banner below the Corson Photograph. Doc. No. (FAC at 45); Higbee Decl. ¶ 16 and Exhibit 3 attached thereto. For comparison, H&A provided Ms. Pauljohn with a screenshot of a post Plaintiff created on her LinkedIn page ("Plaintiff LinkedIn Example") showing how the Corson Photograph *would* appear in a LinkedIn post had it been embedded through the LA Magazine Article Link and also provided Ms. Pauljohn with a screenshot of Defendants' Infringing Post. (FAC at ¶¶ 43-44, Ex. F); Higbee Decl. ¶ 17 and Exhibit 3 attached thereto.

H&A did not receive any more correspondence or communications from Ms. Pauljohn. (FAC at ¶ 46); Higbee Decl. ¶ 19.

### C. Plaintiff's Service of FAC; Defendants' Failure to File a Response to FAC; and Clerk's Entry of Default Against Defendants

On March 11, 2026, Plaintiff filed the instant lawsuit against Defendant Rose seeking damages and costs and fees for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*. and other applicable provisions as referenced in the Complaint. (Dkt. 1., Complaint.) On April 8, 2026, after several unsuccessful attempts to serve Defendant Rose at Frontgate's place of business and her residence, H&A received correspondence from attorney Mark A. Goldstein ("Goldstein") advising H&A that he represented Tea Rose Realtor, Inc.[1]. Higbee Decl. ¶ 21. H&A responded to Mr. Goldstein and asked whether Ms. Rose would agree to waive service, and Mr. Goldstein responded that he only represented Tea Rose Realtor, Inc. and wanted to focus on settling the matter. *Id.* at ¶ 22. The parties attempted to negotiate, but Defendant continued to argue that LinkedIn grabbed the photograph when linking the LA Magazine Article to the Infringing Post. *Id.* at ¶ 23. Mr. Goldstein provided an example of what his LinkedIn post looked like after he attached the LA Magazine Article through the LA Magazine Link ("Goldstein LinkedIn Example"). *Id.* at ¶ 24 and Exhibit 4 attached thereto. H&A advised Mr. Goldstein that a simple comparison of the Goldstein LinkedIn Example and the actual Infringing Post on the Rose LinkedIn page clearly establishes the Corson Photograph was manually copied and uploaded to the Infringing Post and was not grabbed by LinkedIn and embedded via the LA Magazine Link, and the parties had already exhausted this very argument during their prelitigation efforts to resolve the matter. *Id.* at ¶ 26 and comparison of Exhibit 4 attached thereto and (FAC Ex. E).

The parties were unable to reach a resolution, and Mr. Goldstein would not accept service for Defendant Rose, who was the owner of his client, Tea Rose Realty. Higbee Decl. ¶ 27 Thus, Plaintiff filed her FAC on May 5, 2026 and added Tea Rose Realty as a defendant to the lawsuit. (*See* FAC); *Id.* at ¶ 28. H&A sent Mr. Goldstein

[1] Tea Rose Realty, Inc. had not yet been added as a defendant to the litigation.

the Waivers of Service of Summons ("Waivers") for Defendant Rose and Defendant Tea Rose Realty, the FAC, and the Exhibits on May 12, 2026. (*See* Dkts. 15 and 16); Higbee Decl. ¶ 29. Mr. Goldstein forwarded the executed Waivers to H&A on May 13, 2026, and Plaintiff filed the Waivers on May 14, 2026. (Dkts. 15 and 16); Higbee Decl. ¶ 30.

The deadline to respond to the FAC was July 13, 2026. Fed. R. Civ. P. 4(d)(3). By July 17, 2026, Defendants had not filed a response to the FAC and the parties could not reach a resolution, so H&A asked Mr. Goldstein to please file Defendants' response to the FAC by 11 a.m. that day. Higbee Decl. ¶ 33. Defendants did not file a response to the FAC, and H&A advised Mr. Goldstein that Plaintiff was moving forward with the Request for Entry of Default. *Id.* at ¶ 34. On July 17, 2026, pursuant to Fed. R. Civ. P. 55(a), Plaintiff filed a Request for Clerk to Enter Default Against Defendants Tara Ann Rose and Tea Rose Realtors. (*See* Dkt. 17.) On July 20, 2026, the Clerk entered Default against Defendants Tara Ann Rose and Tea Rose Realtors. (Dkt 18.) On July 23, 2026, H&A emailed Mr. Goldstein a true and correct copy of the Default entered by the Clerk. Higbee Decl. ¶ 38. On July 23, the Court filed an Order to Show Cause re Default Judgment and set a hearing date for August 26 which would be discharged if Plaintiff filed a Motion for Default Judgment prior to the hearing. (Dkt. 19); *Id.* at ¶ 39. H&A emailed the Order to Mr. Goldstein that same day and advised him that H&A planned to file this Motion before the August 26, 2026 hearing date. Higbee Decl. ¶ 40. H&A did not receive a response from Mr. Goldstein regarding the Clerk's Entry of Default or Plaintiff's intent to file this Motion. *Id.* at ¶ 41.

## II. PLAINTIFF IS ENTITLED TO THE REQUESTED RELIEF

In addition to the applicable procedural requirements, a court's decision to grant default judgment is guided by a list of seven factors known as the *Eitel* factors. *See Eitel v. McCool,* 782 F.2d 1470, 1471-1472 (9th Cir. 1986). While the decision to grant a default judgment is left to the discretion of the Court, "default judgments are

more often granted than denied." *PepsiCo v. Triunfo-Mex, Inc.,* 189 F.R.D. 431, 432 (C.D. Cal. 1999). As shown below, Plaintiff has satisfied the procedural requirements of the Federal Rules, and the *Eitel* factors weigh in favor of entering default judgment against Defendants.

**A. The Procedural Requirements For Default Judgment Are Satisfied**

Federal Rule of Civil Procedure 55(a) provides that "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that fact is made to appear by affidavit or otherwise, the clerk shall enter the party's default." After the clerk enters the default, if the claim is not for a "sum certain, the party must apply to the court for a default judgement. *See* Fed. R. Civ. P. 55(b)(2). Local Rule 55-1 requires that the application for default judgment be accompanied by a declaration that includes the following information: (1) when and against what party the default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent; (4) that the Service Members Civil Relief Act does not apply; and (5) that notice has been served on the defaulting party.

The procedural requirements of Federal Rule of Civil Procedure 55(a) and (b)(2) and Local Rule 55-1 plainly have been met as to both Defendants.

On May 12, 2026, pursuant to Fed. R. Civ. P. 4(d), Plaintiff timely sent Defendants their respective Waivers, FAC, and Exhibits. Higbee Decl. ¶ 29. Each Defendant waived service of their respective summons, and Plaintiff filed the Proofs of Service on May 14, 2026. (*See* Dkts. 15 and 16.) Pursuant to Fed. R. Civ. P. 4(d)(3), the deadline for Defendants to respond to the FAC was July 13, 2026. Defendants did not respond to the FAC, and on July 20, 2026, the Clerk entered Default against Defendant Tara Ann Rose and against Defendant Tea Rose Realtor, Inc. as to the FAC. (Dkt. 18.) Plaintiff's claim is not for a sum certain, so Plaintiff is submitting this Motion for default judgment to the Court. *See* Fed. R. Civ. P. 55(b)(2). Defendants are not minors, incompetent, or in the military services, and the Service Members

Civil Relief Act of 2003 (50 U.S.C. App. § 501 et seq.) does not apply. Higbee Decl. ¶ 37. Plaintiff has served Defendants with notice of this motion as indicated above in the Notice of Motion and in the Certificate of Service below. (*See* Higbee Decl. ¶ 57).

**B. The Allegations of the FAC, Taken as True, Establish Defendants' Direct and Vicarious Liability For Willful Copyright Infringement**

In determining whether to grant a default judgment, "[t]he general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *TeleVideo Sys., Inc. v. Heidenthal,* 826 F.2d 915, 917-18 (9th Cir. 1987).

***(1) Direct Copyright Infringement***

To prevail on a claim for direct copyright infringement, a plaintiff must show "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). "The word 'copying' is shorthand for the infringing of any of the copyright owner's [six] exclusive rights'" described in 17 U.S.C. § 106." *Range Rd. Music, Inc. v. East Coast Foods, Inc.*, 668 F.3d 1148, 1153-54 (9th Cir. 2012). These six exclusive rights include the right to reproduce the copyrighted work . . . and the right to publicly display the work. 17 U.S.C. § 106(1), (5).

To satisfy the first element of the direct copyright infringement claim, Plaintiff alleged she is the sole author and exclusive rights holder to the Corson Photograph, and she registered the Corson Photograph with the USCO. Doc. No. 10 ¶¶ 14-17; Doc. No. 10-1, pp. 1-10. A certificate of registration "made before or within five years after first publication" of a work "constitute[s] prima facie evidence of the validity of the copyright and the facts stated in the certificate." *See* 17 U.S.C. § 410(c); also *see* *Varsity Brands, Inc. v. Star Athletica, LLC*, 799 F. 3d 468, 477 (6th Cir. 2015).

Plaintiff first published the Corson Photograph in August 2018 and registered the Corson Photograph three months later with the USCO with the file name LisaCorson-SmallTowns-0173 and an Effective Date of Registration of November 2, 2018. *See* Doc. No. 10-1, pp. 4 and 5. Therefore, the Certificate of Registration is

prima facie evidence of Plaintiff's ownership of a valid copyright in the Corson Photograph.

To satisfy the second element of the direct copyright infringement claim, Plaintiff has alleged that: Defendant Rose is the principal owner of Defendant Tea Rose Realtor and worked as a Realtor for Frontgate ((FAC ¶¶ 4, 23-24); *see also* Higbee Decl. ¶¶ 7-8 and Exhibit 1 attached thereto); at all relevant times, Defendant Rose maintained the Rose LinkedIn page under the name Tara Rose Wales and generated content on the Rose LinkedIn Page to market and promote her services as a Realtor and to increase her customer base and revenue as a Realtor for Frontgate and for Tea Rose Realtor (FAC ¶ 25-27, Ex. E); Defendants (including their employees, agents, contractors or others over whom they have responsibility and control) created an unauthorized copy of the Corson Photograph and caused it to be uploaded to and displayed on the Rose LinkedIn Page (*Id.* at ¶ 36); and Plaintiff did not grant Defendant Rose or Defendant Tea Rose Realtor a license, permission, or authorization to use, make a copy of, or publicly display the Corson Photograph on the Rose LinkedIn Page (*Id.* at ¶ 35). Plaintiff has also attached a copy of the original Corson Photograph and screenshots of the Infringing Post, which incorporated the unauthorized use of the Corson Photograph by Defendants, to her FAC to show the photographs are identical. (*See* FAC Exs. A and E); *see also Baxter v. MCA, Inc.*, 812 F.2d 421, 423-24 (9th Cir. 4 1987) ("[A] 'striking similarity' between the works may give rise to a permissible inference of copying.").

The conclusively-admitted allegations of the FAC and the indisputable exhibits show Plaintiff holds a valid copyright in the Corson Photograph, and Defendants' actions violated Plaintiff's exclusive rights to reproduce and publicly display her copyrighted Corson Photograph. Thus, Plaintiff has met the elements to show Defendants are liable for direct copyright infringement.

### *(2) Vicarious Copyright Infringement*

"To prevail on a claim for vicarious infringement, a plaintiff must prove 'the defendant has (1) the right and ability to supervise the infringing conduct and (2) a direct financial interest in the infringing activity.'" *Perfect 10, Inc. v. Giganews, Inc.*, 847 F.3d 657, 673 (9th Cir. 2017) (citing *Perfect 10, Inc. v. Amazon.com, Inc.,* 508 F.3d 1146, 1172 (9th Cir. 2007)).

To show Defendant Rose and Defendant Tea Rose Realty are vicariously liable for the infringement, Plaintiff has alleged: "Defendant Rose is the principal owner of Defendant Tea Rose Realtor" ((FAC ¶¶ 4, 23); *see also* Higbee Decl. ¶ 7 and Exhibit 1 attached thereto); "[a]t all relevant times, Defendant Rose and Defendant Tea Rose Realtor had the ability to supervise and control all content on the Rose LinkedIn Page" (FAC ¶ 28); "[a]t all relevant times, Defendant Rose and Defendant Tea Rose Realtor had a direct financial interest in the content and activities of the Rose LinkedIn Page (including the activities alleged in this [FAC]) (*Id.* at 29); "Defendants (including their agents, contractors or others over whom they have responsibility and control) used, displayed, published, and otherwise held out to the public Corson's original and unique Corson Photograph for commercial purposes and to acquire a direct financial benefit from use of the Corson Photograph, including the financial benefit of the cost saved by using the Corson Photograph without paying a licensing fee." (*Id.* at 37); and "Defendants intended for the Corson Photograph to act as a draw to the Infringing Post where the LinkedIn user would ultimately seek Realtor services from and generate revenue for Defendants." (*Id.* at 39).

The conclusively-admitted allegations of the FAC show Defendant Rose and Defendant Tea Rose Realty had the right and ability to supervise the unauthorized copying and displaying of the Corson Photograph on the Rose LinkedIn Page, and Defendants had a direct financial interest in the unauthorized use of the Corson Photograph. Thus, Defendants are vicariously liable and may be held jointly and severally liable for infringement of Plaintiff's Corson Photograph.

***(3) Willful Conduct***

"[T]o prove willfulness under the Copyright Act, the plaintiff must show (1) that the defendant was actually aware of the infringing activity, or (2) that the defendant's actions were the result of reckless disregard for, or willful blindness to, the copyright holder's rights." *Unicolors, Inc. v. Urban Outfitters, Inc.*, 853 F.3d 980, 991 (9th Cir. 2017) (quoting *Louis Vuitton Malletier, S.A. v. Akanoc Sols., Inc.*, 658 F.3d 936, 944 (9th Cir.2011)). Willfulness "is rarely provable by direct evidence, and most often can be proven only by inference from the evidence introduced." *United States v. Sherman*, 576 F.2d 292, 297 (10th Cir. 1978).

Here, to show that Defendants willfully infringed upon Plaintiff 's rights in her copyrighted Corson Photograph, Plaintiff alleges that: "Defendants knew they did not create or own the Corson Photograph; knew Plaintiff Corson was the rightful owner of the Corson Photograph; knew, or should have known, they did not have a legitimate license, permission, or authorization to use the Corson Photograph." (FAC ¶ 47); and "Defendants knew they had not caused the Corson Photograph to be uploaded to the Rose LinkedIn Page through any embedding process; [and] knew they made an unauthorized copy of the Corson Photograph and caused the Corson Photograph to be manually uploaded to the Rose LinkedIn Page." (*Id.* at 48).

The evidence strongly supports the contention that Defendants knew they infringed Plaintiff's rights in the Corson Photograph but instead chose to brazenly contend that they did not copy the Corson Photograph and boldly insist that they caused it to be embedded to the Infringing Post via auto generation. Defendants' charade continued even after Plaintiff provided Defendants with clear, convincing, and unambiguous evidence *twice* that if the Corson Photograph had been embedded on the Infringing Post, as they claimed, it would have included the LA Magazine Banner below the photograph displaying the LA Magazine Article title and the URL, "lamag.com." (*First comparing* the Plaintiff LinkedIn Example (FAC Ex. F) to the Infringing Post (FAC Ex. E) and *subsequently comparing* the Goldstein LinkedIn

Example (Higbee Decl. Ex. 4) to the Infringing Post (FAC Ex. E)). Indeed, Defendants knowingly put forth an affirmative defense that was not grounded in fact in a futile attempt to overshadow their infringing conduct.

Moreover, Defendants' willfulness is indisputable because Defendants' default, itself, is deemed to be willful. *Microsoft Corp. v. McGee*, 490 F. Supp. 2d 874, 880 (S.D. Ohio, May 18, 2007) ("Where the defendant has defaulted, willful copyright infringement is proven."); and *Rodgers v. Anderson,* No. 04-CV-1149, 2005 WL 950021, *2 (S.D.N.Y. Apr. 26, 2005) ("In this case, defendants have defaulted and by virtue of their default, are deemed to be willful infringers.").

Therefore, under these facts coupled with the evidence presented, and because Defendants admit these allegations by virtue of their default, Defendants should be held directly and vicariously liable for willful copyright infringement.

### C. The *Eitel* Factors Warrant Entry of Default Judgment

As previously discussed, a court's decision to grant default judgment is guided by seven factors. *See Eitel,* 782 F.2d at 1471-1472.

***(1) Possibility of Prejudice:*** The first *Eitel* factor considers whether Plaintiff will suffer prejudice if default judgment is not entered. *Eitel,* 782 F.2d at 1471-72. Prejudice exists where, absent entry of a default judgment, the plaintiff would lose the right to a judicial resolution of its claims and it would be without other recourse of recovery. *See Elektra Entm't Group Inc. v. Crawford,* 226 F.R.D. 388, 392 (C.D. Cal. 2005). Without a default judgment, Plaintiff would be deprived of the right to judicial resolution of its claims for copyright infringement, and Defendants will have benefited from their willful infringement.

***(2) Merits of Claim and (3) Sufficiency of FAC:*** The second and third *Eitel* factors "require that a plaintiff state a claim on which the [plaintiff] may recover." *PepsiCo, Inc. v. Cal. Sec. Cans,* 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002). As set forth above, Plaintiff has sufficiently stated her claim for relief.

***(4) Amount at Stake***: Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo,* 238 F. Supp. 2d at 1176. For each work infringed, the Copyright Act permits the copyright owner to recover statutory damages in an amount between $750 and $30,000. 17 U.S.C. § 504(c)(1). Where the infringement was *willful*, the award rises to $150,000 per infringement. 17 U.S.C. § 504(c)(2). The Court may allow the recovery of full costs against Defendants. 17 U.S.C. § 505. As the prevailing party, Plaintiff also is entitled to seek reasonable attorneys' fees. 17 U.S.C. § 505; *see Twentieth Century Fox Film Corp. v. Streeter,* 438 F. Supp. 2d 1065, 1074 (D. Ariz. 2006) (plaintiff securing default judgment is "prevailing party"). As a result of Defendant's unlawful conduct, Plaintiff prayed for statutory damages, costs of litigation, and reasonable attorney's fees.

Because Defendants' conduct was willful, Plaintiff is entitled to seek up to $150,000 per work infringed but has instead requested the substantially lower amount of $16,000.00. This amount represents five times the license fee of $3,200.00 (as explained more fully below at Section III (A)) and was calculated based on the egregious nature of Defendants' conduct. Defendants' bold pretense that the Corson Photograph was autogenerated by LinkedIn to the Infringing Post, and the fact that Defendants continued their pretense after being presented with evidence that unquestionably refuted their contention of auto-generation, far exceeds the degree of willfulness attributable to most defendants. Coupled with Defendants' refusal to respond to the allegations in the FAC or otherwise defend themselves clearly establishes the need for a statutory award designed to deter the serious nature of this conduct in the future.

Considering all the above, the requested damages are manifestly reasonable. *See Lynk Media LLC v. Taylor*, 2:24-cv-02706, n. 5 (E.D. Cal. Feb 10, 2026) (holding statutory damages in the amount of five times the licensing fee for the photograph falls within the bounds of the Copyright Act and is proportionate to the defendant's

failure to respond to the motion for entry of default judgment or otherwise appear in the matter); *see also BWP Media USA, Inc. v. Gossip Cop Media, Inc.*, 196 F. Supp. 3d 395 (S.D.N.Y. 2016) (holding that the plaintiff is entitled to an award of statutory damages in the amount of five times the licensing fee for the images because the defendants fair use defenses feel short, and in some cases, the defendants could not have reasonably held a belief in their fair use defense, and because of the need to deter future infringement by the defendant and others).

***(5) Possibility of Dispute Regarding Material Facts:*** The fifth *Eitel* factor requires the Court to consider the possibility of a dispute as to a material fact. *Eitel,* 782 F.2d at 1471-72. As a threshold matter, there is no possible dispute concerning the material facts because the factual allegations of Plaintiff's FAC are taken as true. *Marcelos v. Dominguez,* 3:2008-cv-00056, n. *4 (N.D. Cal. Jan. 29, 2009). In any event, the facts alleged in the FAC are straightforward, confirmed by Plaintiff's investigation and the screenshots attached to the FAC, and are not subject to reasonable dispute.

***(6) Possibility of Excusable Neglect:*** Under the sixth *Eitel* factor, the Court considers whether Defendants' default resulted from excusable neglect. *Eitel,* 782 F.2d at 1472. Defendants failed to answer or file a responsive pleading despite proper notice of this action and their infringing conduct. Defendants' conduct is not excusable, because they were served with process, yet never made any attempt to file a responsive pleading. *Marcelos*, 3:2008-cv-00056 at *4; *see Meadows v. Dom. Rep.,* 817 F.2d 517, 521 (9th Cir. 1987) ("A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and failed to answer."); *Shanghai Automation Instrument Co., Ltd. v. Kuei,* 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001) (defendant's default cannot be attributable to excusable neglect when properly served with complaint, the notice of entry of default, and the documents in support of the instant motion). Moreover, as discussed *infra* at Section I(C), on July 17, 2026, H&A advised Mr. Goldstein that Plaintiff was moving forward with the

Request for Entry of Default and forwarded the Clerk's Entry of Default to him on July 23, 2026. Higbee Decl. ¶¶ 34, 38. Finally, on July 23, 2026, H&A emailed the Court's Order to Mr. Goldstein and advised him that H&A planned to file this Motion before the August 26, 2026 hearing date. *Id.* at 40. Despite notice to Defendants that Plaintiff intended to, and had begun, the default process, Defendants still failed to respond to FAC.

***(7) Policy for Deciding Case on the Merits:*** The final *Eitel* factor considers the preference for deciding cases on the merits. *Eitel* 782 F.2d at 1472. "However, this factor, standing alone, cannot suffice to prevent entry of default judgment for otherwise default judgment could never be entered." *Warner Bros. Entm't Inc. v. Caridi,* 346 F. Supp. 2d 1068, 1073 (C.D. Cal. 2004) Here, the only reason this lawsuit cannot proceed to the merits is because Defendants, *after notice,* failed to appear and defend this action.

In sum, the balance of *Eitel* factors weigh in Plaintiff's favor, and the Court should grant this motion and enter default judgment against Defendants for copyright infringement.

## III. PLAINTIFF'S REQUESTED RELIEF IS APPROPRIATE

### A. Plaintiff is Entitled to an Award of Statutory Damages For Copyright Infringement

Statutory damages are available to the copyright owner if the infringement occurred after the effective date of registration. *See* 17 U.S.C. § 412. Section 504(c)(1) of the Copyright Act provides that: "the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work . . . in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). The copyright owner may elect statutory damages "regardless of the adequacy of the evidence offered as to his actual damages and the amount of defendant's profits." 4 *Nimmer on Copyright* § 14.04[A]; *Los Angeles News Serv. v. Reuters Television Int'l, Ltd.,* 149 F.3d 987, 996 (9th Cir. 1998) ("a

plaintiff may recover statutory damages whether or not there is adequate evidence of the actual damages suffered by plaintiff or of the profits reaped by defendant, in order to sanction and vindicate the statutory policy of discouraging infringement"). "[S]tatutory damages are appropriate in default judgment cases because the information needed to prove actual damages is within the infringers' control and is not disclosed." *Microsoft Corp. v. Nop,* 549 F. Supp. 2d 1233, 1238 (E.D. Cal. 2008).

"[W]when the infringement is willful, the statutory damages award may be designed to penalize the infringer and to deter future violations." *Nintendo of Am., Inc. v. Dragon Pac. Int'l*, 40 F.3d 1007, 1011 (9th Cir. 1994) (quoting *Chi-Boy Music v. Charlie Club, Inc.*, 930 F.2d 1224, 1229-30 (7th Cir. 1991)). Thus, the award may be increased to $150,000 for each work infringed. 17 U.S.C. § 504(c)(2). In awarding enhanced damages, "deterrence of future violations is a legitimate consideration" because "defendants must not be able to sneer in the face of copyright owners and copyright laws." *Cable/Home Communication Corp. v. Network Productions*, 902 F.2d 829, 851 (11th Cir. 1990).

"[W]here the damages sought are not for a sum certain, the Court must determine the propriety and amount of the default judgment." *Zinganything, LLC v. Imp. Store*, 158 F. Supp. 3d 668, 675 (N.D. Ohio 2016). "Plaintiff's burden in 'proving up' damages is relatively lenient." *Philip Morris USA, Inc. v. Castworld Products, Inc.*, 219 F.R.D. 494, 498-99 (C.D. Cal. 2003). "Rule 55(b)(2) permits, but does not require, the district court to conduct an evidentiary hearing to determine damages." *Zinganything, LLC* at 675 (N.D. Ohio 2016). "The Court may rely on affidavits submitted by plaintiff in support of damages without the need for a hearing." *Id*.

Here, Plaintiff timely registered the Williams Photograph because the effective date of registration occurred before Defendants' use began. (*See* FAC Exs. B,E.) Plaintiff registered the Corson Photograph on November 2, 2018. (FAC Ex. B.) Defendants began using the Corson Photograph on the Rose LinkedIn Page four years

earlier, in 2019[2]. (*See* FAC Ex. E.) Therefore, Plaintiff is entitled to seek an award of statutory damages.

Plaintiff does not license her photographs for social media use only, so she is presenting two price quotes from fotoQuote® for use of an image on social media up to a full screen[3]. Higbee Decl. ¶ 44. fotoQuote® is a software program considered to be "the industry standard photography pricing guide and quote software for freelance photographers." https://www.cradocfotosoftware.com/fotoquote/. *Id.* at ¶ 45. Defendants used the Corson Photograph for four years on the Rose LinkedIn Page. *Id.* at ¶ 46. However, fotoQuote® only provides quotes for three and five year uses. *Id.* Thus, Plaintiff has provided one quote for a licensing duration of three years in the amount of $2,805.00 and another quote for a licensing duration of five years in the amount of $3598.00. *Id.* and Exhibit 5 attached thereto.

Plaintiff averaged the two quotes to arrive at a total license quote in the amount of $3200.00 for four years. *Id.* at ¶ 48.

As discussed above in I(B)(3), Plaintiff has properly established the infringement was willful in nature, thus, Plaintiff is entitled to receive enhanced statutory damages. *Warner Bros. Entm't Inc. v. Caridi,* 346 F. Supp. 2d 1068, 1072 (C.D. Cal. 2004) (because plaintiff "alleged (and, by virtue of the entry of default, proved) willful infringement by [defendant], [plaintiff] is entitled to received [sic] enhanced statutory damages in an amount not to exceed $150,000 per [infringement]). Plaintiff also explained above in the *Amount at Stake* section of the *Eitel Factors* (II(C)(4)) that the degree of willfulness Defendants carried out far exceeds that attributable to most defendants and therefore substantiates the need for a statutory award designed to deter future willful conduct.

---

[2] As shown in Exhibit E to the FAC (Doc. No. 10-1, pp. 17-18), Plaintiff discovered the unauthorized use on April 10, 2023. The content had been uploaded 4 years prior, as indicated just below "Tara Rose Wales / Estate Consultant / Realtor at Frontgate."

[3] Use of the photograph exceeded one-half of the screen, and the next available license quote was for up to a full screen.

Considering the serious nature of Defendants' conduct, Plaintiff requests that the Court award statutory damages in the amount of $16000.00 representing five times the licensing fee of $3200.00 for the unauthorized use of the Corson Photograph. Higbee Decl. ¶ 49. As explained above, the requested amount of damages is reasonable and is also sufficient to compensate Plaintiff; punish and deter Defendants, considering their willful conduct; and deter future infringers from violating the law. *See id.* ¶ 52. At the same time, the amount falls within the lower range of a permissible statutory award so as not to give Plaintiff an undue windfall. *See id.* ¶ 50.

**B. Plaintiff is Entitled to Reasonable Costs and Attorney's Fees**

Pursuant to 17 U.S.C. § 505, as a remedy for the copyright infringement, "the court in its discretion may allow the recovery of full costs by or against any party. . . the court may also award a reasonable attorney's fee to the prevailing party as part of the costs." Courts regularly award costs and attorneys' fees to plaintiffs who prevail in copyright infringement actions based on a defendant's unauthorized use of copyrighted material. *See Broad. Music, Inc. v. P.A.M.D.H. Enters.,* No. 13-CV-2255, 2014 U.S. Dist. LEXIS 84409 (S.D.N.Y. June 19, 2014). As the "prevailing party," Plaintiff is entitled to an award of full costs and attorney's fees. 17 U.S.C. § 505; *see Streeter,* 438 F. Supp. 2d at 1074 (plaintiff securing default judgment is "prevailing party").

***(1) Costs***

Plaintiff seeks reimbursement of costs in the amount of $775.00 and has provided copies of receipts for those costs. *See* Higbee Decl. ¶ 54 and Exhibit 6 attached thereto.

***(2) Attorney's Fees***

Plaintiff is entitled to seek attorney's fees. L.R. 55-3 provides for recovery of attorney's fees that are calculated according to a fixed schedule. However, if the Court were to grant Plaintiff's request for an award in the amount of $16,775.00, the amount of attorney's fees awarded would be $1,606.50 ($1200 plus 6% of the amount over

$10,000). The amount of attorney's fees incurred thus far exceeds this amount. Therefore, Plaintiff's counsel respectfully requests the opportunity to file a written request upon entry of the default judgment to have the attorney's fee fixed by the Court. *See* Higbee Decl. ¶ 56.

## IV. CONCLUSION

For all the reasons set forth above, Plaintiff Lisa Corson respectfully requests that she be awarded a total of $16775.00, constituting $16,000.00 in statutory damages for the copyright infringement, pursuant to 17 U.S.C. § 504(c), and $775.00 in costs, pursuant to 17 U.S.C. § 505, and post-judgment interest, pursuant to 28 U.S.C. § 1961.

DATED: August 25, 2026

Respectfully submitted,

**<u>/s/ Mathew K. Higbee</u>**
Mathew K. Higbee, Esq.
Cal. Bar No. 241380
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne, Suite 200
North Las Vegas, NV 89032
(714) 617-8350
(714) 597-6729 facsimile
mhigbee@higbee.law
*Counsel for Plaintiff*

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Plaintiff Lisa Corson, certifies that this brief contains 6029 words, which complies with the word limit of L.R. 11-6.1.

DATED: August 25, 2026

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.

## CERTIFICATE OF SERVICE

This to certify that on this day, the 25th of August, 2026, I served the **Notice of Motion and Motion for Default Judgment; Declaration of Mathew K. Higbee; and [Proposed] Order for Judgment** on Defendant Tara Ann Rose and Defendant Tea Rose Realtor, Inc. as follows:

VIA MAIL: By causing true copies of the forgoing to be placed in an enclosed and a sealed envelope and sending the sealed envelopes via First-Class U.S. mail, postage prepaid, to Defendants' counsel, Mark Goldstein, at his business address, SoCal IP Law Group LLP, 310 N. Westlake Blvd., Suite 120, Westlake Village, CA 91362.

VIA EMAIL: By emailing true copies of the forgoing to Defendants' counsel, Mark Goldstein, at MGoldstein@socalip.com.

**/s/ Jayma C. Leath**
Jayma C. Leath, Esq.