Mathew K. Higbee, Esq.
California Bar No. 241380
**HIGBEE & ASSOCIATES**
3110 W. Cheyenne, Suite 200
North Las Vegas, NV 89032
(714) 617-8350
(714) 597-6529 facsimile
Email: mhigbee@higbee.law

*Attorney for Plaintiff*,
LISA CORSON

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| LISA CORSON,<br><br>*Plaintiff*,<br><br>v.<br><br>TARA ANN ROSE and TEA ROSE REALTOR, INC.,<br><br>*Defendants*. | Case No. 2:26-cv-02579-MWF-AJR<br><br>**DECLARATION OF MATHEW K. HIGBEE IN SUPPORT OF REQUEST FOR MOTION FOR DEFAULT JUDGMENT** |

I, Mathew K. Higbee, declare as follows:

1. I am an attorney at law, duly admitted to practice before the Courts of the State of California and the United States District Court for the Central District of California. I am the attorney for Plaintiff Lisa Corson ("Plaintiff") in the above-captioned action. I am over the age of 18 and not a party to the action.

2. I make this Declaration in support of Plaintiff's instant Motion for Default Judgment against Defendant Tara Ann Rose ("Rose") and Defendant Tea Rose Realtor, Inc. ("Tea Rose Realtor") (collectively, the "Defendants").

3. I have personal knowledge of the following facts, and if called as a witness, I could and would competently testify thereto.

**DESCRIPTION OF DEFENDANTS; EVENTS LEADING TO THIS ACTION; SERVICE OF THIS ACTION; AND DEFAULT**

4. Defendant Rose is an individual and real estate consultant ("Realtor").

5. Defendant Tea Rose Realtor is a real estate company that is organized and existing as a corporation under the laws of the state of California with its registered office address located at 29155 Quail Run Drive, Agoura Hills, California 91301.

6. Attached hereto as Exhibit "1" is a true and correct copy of the Statement of Information on file with the California Secretary of State for Tea Rose Realtor, Inc.

7. Defendant Rose is the principal owner of Defendant Tea Rose Realtor. *See* Exhibit "1".

8. Defendant Rose worked as a Realtor for Frontgate Real Estate ("Frontgate") located at 23500 Long Valley Rd, Hidden Hills, CA 91302.

9. Defendant Rose maintained a LinkedIn page under the name Tara Rose Wales ("Rose LinkedIn Page").

10. On or about April 10, 2023, Plaintiff discovered one of her copyrighted photographs which depicts an area on Calabasas Road nestled with trees and a white picket fence and a sign for the Leonis Adobe museum perched behind the white picket fence ("Corson Photograph") being used by Defendants on the Rose LinkedIn Page and had not authorized that use ("Infringing Post"). (*See* Dkt. 10 [First Amended Complaint, hereinafter "FAC"] Exs. A, B, and E.)

11. The Corson Photograph appeared in an articled featured by the Los Angeles Magazine ("LA Magazine") on October 1, 2018, titled *How to Make a Day of a Trip to Calabasas* ("LA Magazine Article") which can be found at https://lamag.com/travel/small-towns-calabasas/. (*See* FAC Ex. B.)

12. After discovering the unauthorized use of the Corson Photograph, Plaintiff, through Higbee & Associates ("H&A"), sent cease and desist correspondence

to Defendant Rose including a demand for lost licensing fees for the unauthorized use of the Corson Photograph.

13. On or about March 26, 2024, Defendant Rose, through her first counsel, Danielle Pauljohn, emailed H&A and advised that the Corson Photograph had been auto generated by the LinkedIn platform based on an external link to the LA Magazine, who posted the Corson Photograph, and therefore was protected by the server test as an embedded photograph.

14. Attached as Exhibit "2" is a true and correct copy of the email correspondence Ms. Pauljohn sent to H&A.

15. On or about March 28, 2024, H&A emailed Ms. Pauljohn and advised that the Corson Photograph was not embedded on the Infringing Post because if it had been, it would have included a banner below the photograph showing the title of the LA Magazine Article, "*How to Make a Day of a Trip to Calabasas*" and "lamag.com" below the title of the LA Magazine Article ("LA Magazine Banner"). (*See* FAC Ex. F.)

16. H&A further advised Ms. Pauljohn that Defendant Rose had copied the Corson Photograph from the LA Magazine Article and manually uploaded it to the Rose LinkedIn Page because the Corson Photograph did not appear with the LA Magazine Article Link above the Corson Photograph or the LA Magazine Banner below the Corson Photograph.

17. For comparison, H&A provided Ms. Pauljohn with a screenshot of a post Plaintiff created on her LinkedIn page ("Plaintiff LinkedIn Example") showing how the Corson Photograph *would* appear in a LinkedIn post had it been embedded through the LA Magazine Article Link and also provided Ms. Pauljohn with a screenshot of Defendants' Infringing Post.

18. Attached hereto as Exhibit "3" is a true and correct copy of the email correspondence HA sent to Ms. Pauljohn [1] including screenshots of the Plaintiff LinkedIn Example and the Infringing Post.

19. H&A did not receive any more correspondence or communications from Ms. Pauljohn.

20. Plaintiff commenced this action on March 11, 2026 against Defendant Tara Ann Rose. (Dkt. 1., Complaint.)

21. On April 8, 2026, after several unsuccessful attempts to serve Defendant Rose at Frontgate's place of business and her residence, H&A received correspondence from attorney Mark A. Goldstein ("Goldstein") advising H&A that he represented Tea Rose Realtor, Inc.

22. H&A responded to Mr. Goldstein and asked whether Ms. Rose would agree to waive service, and Mr. Goldstein responded that he only represented Tea Rose Realtor, Inc. and wanted to focus on settling the matter.

23. The parties attempted to negotiate, but Defendants continued to argue that LinkedIn grabbed the photograph when linking the LA Magazine Article to the Infringing Post.

24. Mr. Goldstein provided an example of what his LinkedIn post looked like after he attached the LA Magazine Article through the LA Magazine Link ("Goldstein LinkedIn Example").

25. Attached hereto as Exhibit "4" is a true and correct copy of Mr. Goldstein's email correspondence which includes the Goldstein LinkedIn Example.

26. H&A advised Mr. Goldstein that a simple comparison of the Goldstein LinkedIn Example and the actual Infringing Post on the Rose LinkedIn page clearly establishes the Corson Photograph was manually copied and uploaded to the Infringing Post and was not grabbed by LinkedIn and embedded via the

[1] In the email correspondence to Danielle Pauljohn, H&A inadvertently addressed the email to "Paul" rather than Danielle.

LA Magazine Link, and the parties had already exhausted this very argument during their prelitigation efforts to resolve the matter. Comparison of Exhibit 4 and (FAC Ex. E).

27. The parties were unable to reach a resolution, and Mr. Goldstein would not accept service for Defendant Rose, who was the owner of his client, Tea Rose Realty.

28. Plaintiff filed her First Amended Complaint on May 5, 2026, and added Tea Rose Realtor, Inc. as a defendant to this action. (Dkt. 10, First Amended Complaint [hereinafter, "FAC"].)

29. On May 12, 2026, pursuant to Fed. R. Civ. P. 4(d), Plaintiff sent Mr. Goldstein the respective Waivers of Summons for Defendants, the FAC, and Exhibits. (*See* Dkts. 15 and 16.)

30. Mr. Goldstein forwarded the executed Waivers to H&A on May 13, 2026, and Plaintiff filed the Waivers on May 14, 2026. (Dkts. 15 and 16.)

31. Defendants waived service of their respective summons, and Plaintiff filed her proofs of service on May 14, 2026. (Dkts. 15 and 16.)

32. The deadline to respond to the FAC was July 13, 2026. Fed. R. Civ. P. 4(d)(3).

33. By July 17, 2026, Defendants had not filed a response to the FAC and the parties could not reach a resolution, so H&A asked Mr. Goldstein to please file Defendants' response to the FAC by 11 a.m. that day.

34. Defendants did not file a response to the FAC, and H&A advised Mr. Goldstein that Plaintiff was moving forward with the Request for Entry of Default.

35. On July 17, 2026, pursuant to Fed. R. Civ. P. 55(a), Plaintiff filed a Request for Clerk to Enter Default Against Defendants Tara Ann Rose and Tea Rose Realtors. (Dkt. 17.)

36. On July 20, 2026, the Clerk entered Default against Defendants Tara Ann Rose and Tea Rose Realtors. (Dkt. 18.)

37. I am informed and believe Defendant Tara Ann Rose is not an infant, nor incompetent. Defendant Tea Rose Realtors, Inc. is a corporation and is not

considered an infant, nor incompetent. I am informed and believes the Service Members Civil Relief Act of 2003 (50 U.S.C. App. § 501 et seq.) does not apply to Defendants.

38. On July 23, 2026, H&A emailed Mr. Goldstein a true and correct copy of the Default entered by the Clerk.

39. On July 23, the Court filed an Order to Show Cause re Default Judgment and set a hearing date for August 26 which would be discharged if Plaintiff filed a Motion for Default Judgment prior to the hearing. (Dkt. 19.)

40. H&A emailed the Order to Mr. Goldstein that same day and advised him that H&A planned to file this Motion before the August 26, 2026 hearing date.

41. H&A did not receive a response from Mr. Goldstein regarding the Clerk's Entry of Default or Plaintiff's intent to file this Motion.

**REGISTRATION OF THE SOUTH CORSON PHOTOGRAPH**

42. Plaintiff is the sole author and exclusive rights holder to the Corson Photograph.

43. Plaintiff registered the Corson Photograph with the United States Copyright Office ("USCO") under Registration No. VA 2-125-358 ("Certificate of Registration") with the file name LisaCorson-SmallTowns-0173 and an Effective Date of Registration of November 2, 2018.

**DAMAGES**

44. Plaintiff does not license her photographs for social media use only, so she is presenting two price quotes from fotoQuote® for use of an image on social media up to a full screen[2].

45. fotoQuote® is a software program considered to be "the industry standard photography pricing guide and quote software for freelance photographers." https://www.cradocfotosoftware.com/fotoquote/.

[2] Use of the photograph exceeded one-half of the screen, and the next available license quote was for up to a full screen.

46. Defendants used the Corson Photograph for four years on the Rose LinkedIn Page. However, fotoQuote® only provides quotes for three and five year uses. Thus, Plaintiff has provided one quote for a licensing duration of three years in the amount of $2,805.00 and another quote for a licensing duration of five years in the amount of $3598.00.

47. Attached hereto as Exhibit "5" are true and correct copies of the three-year and five-year licensing quotes from fotoQuote® for use on social media for up to a full screen.

48. Plaintiff averaged the two quotes to arrive at a total license quote in the amount of $3200.00 for four years.

49. Plaintiff has elected to recover statutory damages pursuant to 17 U.S.C. § 504(c) of the Copyright Act and requests that the Court award $16,000 in damages for the copyright infringement.

50. Although Corson alleges that the infringement was willful, the amount of damages sought is within in the range of statutory awards for non-willful infringements under 17 U.S.C. § 504(c)(1).

51. As explained in the Motion, Plaintiff may elect statutory damages regardless of the adequacy of the evidence offered as to actual damages. However, the statutory damages should bear some relationship to the actual damages suffered, and the requested amount of $16,000.00 bears a relationship to the fotoQuote® licensing quote of $3200.

52. Although the Court is empowered to award up to $150,000 for willful infringement pursuant Section 504(c)(2) of the Copyright Act, here, Corson believes a statutory award of $16,000, or approximately five times the licensing value, would be reasonable and sufficient to punish and deter future conduct.

**COSTS AND ATTORNEY'S FEES**

53. Finally, as the prevailing party, Plaintiff is entitled to an award of full costs and attorney's fees under 17 U.S.C. § 505.

54. My client has incurred costs of $775.00 in the form of a $405 filing fee and $770.00 in service of process fees.

55. Attached as Exhibit "6" are receipts for the filing fee and process server costs.

56. L.R. 55-3 provides for recovery of attorney's fees that are calculated according to a fixed schedule. Here, if the Court were to grant Plaintiff's request for damages in the amount of $16,775.00, the amount of attorney's fees awarded would be $1,606.50. However, the amount of attorney's fees incurred so far exceeds this amount. Thus, pursuant to L.R. 55-3, I would like the opportunity to file a written request upon entry of the default judgment to have the attorney's fee fixed by the Court.

57. I have cause copies of the filed Notice of Motion and Motion for Default Judgment; Declaration of Mathew K. Higbee; and [Proposed] Order for Judgment on Defendants via their attorney, Mark A. Goldstein ("Goldstein") as follows: by (1) mailing a copy of the Notice to Mr. Goldstein at his business address, SoCal IP Law Group LLP, 310 N. Westlake Blvd., Suite 120, Westlake Village, CA 91362; and (2) emailing a copy of the Notice to Mr. Goldstein at mgoldstein@socalip.com and indicated the same on the Certificate of Service included as the last page on the Notice of Motion and Motion for Default Judgment.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 25th day of August, 2026.

**/s/ Mathew K. Higbee**
Mathew K. Higbee, Esq.